United States District Court
for the
Eastern District of New York

WILMINGTON SAVINGS FUND )
SOCIETY, FSB, D/B/A CHRISTIANA )
TRUST, NOT INDIVIDUALLY BUT AS )
TRUSTEE FOR CARLSBAD FUNDING )
MORTGAGE TRUST )
                                               ) Civil Action No. 17-CV-6708
        Plaintiff )
                                               )
                                               )
               v. )  COMPLAINT
                                               )
LORIN V. CIRINCIONE AKA LORIN )
CIRINCIONE, SUFFOLK FEDERAL )
CREDIT UNION, CDCLI FUNDING )
CORPORATION, COMMUNITY )
DEVELOPMENT CORPORATION OF )
LONG ISLAND INC., CITIBANK N.A., )
ARTHUR E. HOUDE, JR. AND SUSAN )
M. HOUDE, AS TRUSTEE OR THEIR )
SUCCESSOR IN TRUST UNDER THE )
HOUDE LIVING TRUST DATED )
AUGUST 20, 2001, )
                                               )
        Defendant(s) )

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 4225 Mill Lane, Mattituck, NY 11952, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule A.

## PARTIES

2. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee is a Federal Savings Bank with its principal executive office at 838 N Market Street, Wilmington, DE 19801-3011. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee is empowered to hold, manage, and dispose of assets of the Carlsbad Funding Mortgage Trust and prosecute legal actions on behalf of the Carlsbad Funding

Mortgage Trust, including this mortgage foreclosure action. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee has legal title to and manages the assets of the Carlsbad Funding Mortgage Trust, and controls the litigation on behalf of the Carlsbad Funding Mortgage Trust.

3. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original consolidated note.

4. Defendant Lorin V. Cirincione a/k/a Lorin Cirincione is a citizen of New York, and the owner of the Property.

5. Defendant Suffolk Federal Credit Union is a Federal Credit Union formed under the laws of New York with its principal place of business in New York, and the holder of a mortgage encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

6. Defendant CDCLI Funding Corporation is a corporation formed under the laws of New York with its principal place of business in New York, and the holder of a mortgage encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

7. Defendant Community Development Corporation of Long Island Inc. is a corporation formed under the laws of New York with its principal place of business in New York, and the holder of a mortgage encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

8. Defendant Citibank N.A. is a national banking association formed under the laws of South Dakota with its principal place of business in South Dakota, and the holder of a mortgage encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

9. Defendant Arthur E. Houde, Jr. and Susan M. Houde, as Trustee or their successor in trust under the Houde Living Trust dated August 20, 2001 are individuals and citizens of New York and the holders of a mortgage encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

10. The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. The interest or lien of each defendant is attached as Schedule C.

11. The interest or lien of any governmental entity is attached as Schedule D.

## STATEMENT OF JURISDICTION

12. Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

13.     Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

14.     On or about October 28, 2002, Lorin V. Cirincione a/k/a Lorin Cirincione executed and delivered a Note whereby Lorin V. Cirincione a/k/a Lorin Cirincione promised to pay the sum of $300,700.00 plus interest on the unpaid amount due.

15.     As security for the payment of the Note Lorin V. Cirincione a/k/a Lorin Cirincione duly executed and delivered a Mortgage, in the amount of $300,700.00 which was recorded as follows.

Recording Date: December 14, 2002
Book M00020258/Page 579
Suffolk County Clerk

16.     Plaintiff is also holder of a Mortgage in the amount of $5,106.83 executed by Lorin V. Cirincione a/k/a Lorin Cirincione on or about July 21, 2003 which was recorded as follows and Mortgage tax paid thereon:

Recording Date: August 13, 2003
Book M00020471/Page 608
Suffolk County Clerk

17.     Said Mortgage was consolidated with the Mortgage referred to in Book M00020258, Page 579 by a Consolidation, Extension and Modification Agreement executed by Lorin V. Cirincione AKA Lorin Cirincione dated July 21, 2003 and recorded August 13, 2003 in Book M00020471, Page 609 in the Office of the Suffolk County Clerk to form a single lien in the amount of $305,000.00.

18.     The consolidated Mortgage was subsequently assigned to Federal National Mortgage Association.

19.     The consolidated Mortgage was subsequently assigned to the Plaintiff.

20.     Lorin V. Cirincione a/k/a Lorin Cirincione failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on April 1, 2015 and subsequent payments.

21.     There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $240,985.56
Interest Rate: 5.625%
Date Interest Accrues from: March 1, 2015

Together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

22.  In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

23.  Plaintiff has complied with the notice provision of the Mortgage and RPAPL §1304 and filed the information required by RPAPL §1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

24.  No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;

  h. A deficiency judgment against Lorin V. Cirincione a/k/a Lorin Cirincione, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;
  i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
  j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: August 21, 2017
   Westbury, New York

By: _____
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## Schedule A - Legal Description

ALL that certain plot, piece, or parcel of land situate, lying and being in the Town of Southold, County of Suffolk and State of New York, known and designated as Lot No. 7 on a certain map entitled, "Map of Wolf Pit Pond Estates and filed in the Office of the Clerk of the County of Suffolk on July 21, 1990 as Map No. 8963 and which said Lot is more particularly bounded and described according to said map as follows:

BEGINNING at a point on the southwesterly side of Mill Road distant 721.76 feet northwesterly from the corner formed by the intersection of the southwesterly side of Mill Road with the northwesterly side of Middle Road.

RUNNING THENCE South 58 degrees 28 minutes 15 seconds west 845.57 feet along the division line between Lots 7 & 8 on said map to lands now or formerly of Grace L. Schanz.

THENCE along said lands North 31 degrees 24 minutes 42 seconds west 258.52 feet;

THENCE North 58 degrees 28 minutes 15 seconds east and along the division line between lots 6 & 7 on said Map 840.96 feet to the southwesterly side of Mill Road and;

RUNNING THENCE south 32 degrees 26 minutes 02 seconds East along the southwesterly side of Mill Road 258.55 feet to the point or place of BEGINNING.

## **Schedule B**

Attached here as Schedule A is a copy of the original consolidated note. If applicable, certain non-public personal information has been redacted from the attached document.

## Schedule C-Defendants

| | |
|---|---|
| Lorin V. Cirincione a/k/a Lorin Cirincione | Borrower |
| Suffolk Federal Credit Union | Holder of a mortgage. |
| CDCLI Funding Corporation | Holder of a mortgage. |
| Community Development Corporation of Long Island Inc. | Holder of a mortgage. |
| Citibank N.A. | Holder of a mortgage. |
| Arthur E. Houde, Jr. | Holder of a mortgage. |

**Schedule D – Defendants**

**NONE**