FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 10 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
WILMINGTON SAVINGS FUND SOCIETY, FSB,

          Plaintiff,

   -against-

CIRINCIONE ET AL,

          Defendant.
------------------------------------------------------------------ x

ORDER

17-cv-6708 (ENV) (ARL)

VITALIANO, D.J.

  Plaintiff Wilmington Savings Fund Society, FSB ("Wilmington") commenced this action on November 16, 2017, against Lorin V. Cirincione ("Cirincione"), Suffolk Federal Credit Union ("SFCU"), CDCLI Funding Corporation ("CDCLI"), Community Development Corporation of Long Island Inc. ("Community Development"), Citibank N.A. ("Citibank"), and Arthur E. Houde, Jr. and Susan M. Houde as Trustee or Their Successor in Trust Under the Houde Living Trust Dated August 20, 2001 (the "Houde Trust") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 et seq., seeking to foreclose on a mortgage encumbering the property referred to as 4225 Mill Lane, Mattituck, New York 11952.

  To date, defendants Citibank, SFCU, CDCLI, Community Development and the Houde trust have failed to answer or respond to the complaint. Plaintiff submitted a request for a certificate of default against these defendants on January 18, 2018. The Clerk of Court entered the certificates on January 28, 2018. Dkt. 10; Dkt. 12. Plaintiff filed a motion for a pre-motion conference regarding its intent to move for default judgment and foreclosure and sale on August 2, 2018 and the Court held a pre-motion conference on August 16, 2018. Dkt. 18; Dkt. 20. The parties requested leave to move for summary judgment on November 20, 2018 and the Court granted the request in an Order on November 26, 2018. In accord with the grant of leave,

1

plaintiff moved for summary judgment, default judgment and judgment of foreclosure and sale on January 7, 2019. Dkt. 24. Soon thereafter, the case, previously assigned to Judge Bianco, was reassigned to the undersigned on May 31, 2019. The Court referred the motion to Magistrate Judge Arlene R. Lindsay for a Report & Recommendation ("R&R"). *See* Order Referring Motion, dated June 11, 2019. Judge Lindsay issued her R&R on August 12, 2019. Dkt. 35. The R&R recommends that the motions for summary judgment and judgment of foreclosure and sale be denied as defendant has raised a question of fact and that the motion for default judgment as to the non-appearing defendants be granted. Notice of time to object to the R&R was given. *See* R&R at 11. No party filed an objections.[1]

## Discussion

Where no party has objected to a magistrate judge's report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

---

[1] The record reflects that all parties were properly served with the R&R on August 14, 2019. Dkt. 36.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court. Plaintiffs' motions are denied except as to its motion for default judgment against the non-appearing defendants, which is granted. The Clerk of Court is directed to enter default judgment against defendants SFCU, CDCLI, Community Development, Citibank, and the Houde Trust.

So Ordered.

Dated: Brooklyn, New York
       October 4, 2019

                                              s/ENV
                                              _____
                                              ERIC N. VITALIANO
                                              United States District Judge